*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARTHA CAVILL,

        Plaintiff-Appellee,

UNPUBLISHED
September 15, 2022

v

No. 357006
Court of Claims
LC No. 19-000208-MZ

STATE OF MICHIGAN, doing business as
MICHIGAN STATE POLICE,

        Defendant-Appellant,

and

JARED TIMOTHY OWENS,

        Defendant.

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

MURRAY, P.J., (*concurring in part and dissenting in part*).

I concur with the majority decision to affirm the trial court order denying defendant's motion for summary disposition but disagree with part of that analysis. Specifically, I dissent from the majority's determination that a notice of intent to sue constitutes a "document" for purposes of MCR 1.109(D). But even with a different conclusion on that issue, I agree that the notice was properly verified, and that summary disposition was not warranted.

The reasons why a notice of intent is not a "document" under MCR 1.109(D), and thus not subject to the verification requirements spelled out in that rule, was explained in *Chisholm v Mich State Police*, opinion and order of the Court of Claims, issued November 18, 2020 (Docket No. 20-000078-MZ), which the trial court adopted here in denying defendant's motion:

> MCR 1.109(D)(3) states that if a 'document' is required or permitted to be verified, it may be verified by:

(a) oath or affirmation of the party or of someone having knowledge of the facts stated; or

(b) except as to an affidavit, including the following signed and dated declaration:

'I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief.' Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.

The Court does not agree that MCR 1.109(D)(3) applies to notices of intent filed under § 6431. As an initial matter, MCR 1.109(D)(3) applies to 'documents.' Under the Court Rules, 'documents' 'include, but are not limited to, pleadings, orders, and judgments.' Contextual understanding of statutes or Court Rules 'is generally grounded in the doctrine of noscitur a sociis: "[i]t is known from its associates . . . ." ['] *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 318; 645 NW2d 34 (2002) (citation and quotation marks omitted). 'This doctrine stands for the principle that a word or phrase is given meaning by its context or setting.' *Id.* (citation and quotation marks omitted). Applying that principle here, a 'document' must be of the same ilk as a pleading, order, or judgment. Defendants have not presented a convincing argument as to why a notice is a 'pleading, order, or judgment,' or similar document. Nor is it apparent that a notice, which functions differently than any of the aforementioned documents, is of the same caliber as those documents. Thus, the Court declines to find that MCR 1.109(D)(3) applies to notices filed under the Court of Claims Act. Furthermore, it should be noted that the Court of Claims Act declares only that 'the *pleadings*'—not notices—shall conform to the rules for pleadings in the circuit courts.[] MCL 600.6434(1) (emphasis added). The statute is silent with respect to whether notices—which are not 'pleadings,' see MCR 2.110(A)—under the Court of Claims Act should also be subject to the Court Rules. As a result, the Court rejects defendants' attempt to apply MCR 1.109(D)(3) to notices of intent.

Additionally, as plaintiff points out, all of the information the court rule requires to be contained in a "document" is not required by the legislature to be in a notice of intent. Compare MCR 1.109(D)(1)(b) with MCL 600.6431(2)(d). Nor would it make sense for a notice of intent to have to include the name of the court and case number (required by MCR 1.109(D)(1)(b)(i)&(iii)) since a notice of intent to sue is a pre-filing notice.

Nevertheless, plaintiff's notice satisfies the verification requirement contained in § 6431. The statute requires a verification "before an officer authorized to administer oaths," and plaintiff signed and swore to the notice before a notary public. MCL 55.265(a). In light of this certification, plaintiff "verified" the notice filed with the Clerk of the Court of Claims. For these reasons, in addition to the majority's conclusions regarding the nonbinding effect of *Progress Michigan v*

*Attorney General*, 506 Mich 74; 954 NW2d 475 (2020), affirmance of the trial court's order is required.

/s/ Christopher M. Murray